SUPREME COURT OF ARIZONA

THOMAS HANSEN, et al.,               )  Arizona Supreme Court
                                     )  No. CV-22-0099-AP/EL
                 Plaintiffs/Appellants,  )
                                     )  Maricopa County
                     v.              )  Superior Court
                                     )  No. CV2022-004321
MARK FINCHEM, et al.,                )
                                     )
                 Defendants/Appellees.  )
                                     )
_____  )  **FILED 05/09/2022**


**DECISION ORDER**

Before the Court is an expedited election appeal regarding Arizona Representative Mark Finchem, U.S. Representative Paul Gosar, and U.S. Representative Andy Biggs (the "Candidates").

Pursuant to A.R.S. § 16-351(B), Plaintiffs Hansen, et al., filed a Verified Complaint and an Application for Preliminary and Permanent Injunction in separate proceedings to disqualify the Candidates from the August 2022 Primary Election Ballot. Plaintiffs alleged the Candidates fell under Section 3 of the Fourteenth Amendment to the United States Constitution, known as the "Disqualification Clause" which provides, "No person shall be a Senator or Representative in Congress . . . or hold any office, . . . under any state, who, having previously taken an oath . . . to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof." Plaintiffs allege that the Candidates are ineligible to run for office because of their alleged involvement in the events that occurred in Washington, D.C., on January 6, 2021. Specifically, Plaintiffs allege that the Candidates engaged in acts that amounted to an insurrection or rebellion under Section 3. These proceedings were consolidated in the superior court.

The Candidates filed motions to dismiss, arguing that Plaintiffs failed to state a claim under Rule 12(b)(6) of the Arizona Rules of Civil Procedure.

After oral arguments, the superior court issued a ruling granting the motions to dismiss on April 22, 2022. It

determined that: 1) Congress has not created a civil practice right of action to enforce the Disqualification Clause, and the criminal statute prohibiting rebellion or insurrection, 18 U.S.C. § 2382, does not authorize the challenge by a private citizen; 2) A.R.S. § 16-351 does not provide a private right of action to argue a candidate is proscribed by law from holding office; 3) it is unnecessary to decide if the Amnesty Act of 1872 is applicable because no private right of action exists under the United States Constitution or Arizona law; 4) the Constitution reserves the determination of the qualifications of members of Congress exclusively to the U.S. House of Representatives; 5) the doctrine of laches is not applicable at this time; 6) Plaintiffs do not satisfy the legal standards for injunctive relief; and 7) there is no need for an advisory trial. Plaintiffs timely appealed.

The Court, en banc, has considered the briefs and authorities in this appeal, and agrees with the superior court that Plaintiffs have failed to state a claim upon which relief may be granted.[1]  We note that Section 5 of the Fourteenth Amendment appears to expressly delegate to Congress the authority to devise the method to enforce the Disqualification Clause ("The Congress shall have power to enforce, by appropriate legislation, the provisions of this article"), which suggests that A.R.S. § 16-351(B) does not provide a private right of action to invoke the Disqualification Clause against the Candidates.  We further recognize that the Qualifications Clause, Article 1, Section 5 of the United States Constitution, which provides that "[e]ach House shall be the Judge of the . . . Qualifications of its own Members," appears to vest Congress with exclusive authority to determine whether to enforce the Disqualification Clause against its prospective members. However, we need not decide these issues because we hold that A.R.S. § 16-351(B), which authorizes an elector to challenge a candidate "for any reason relating to qualifications for the office sought as prescribed by law, including age, residency, professional requirements or failure to fully pay fines . . . ," is not the proper proceeding to initiate a Disqualification Clause challenge.  By its terms, the statute's scope is limited to challenges based upon "qualifications . . . as prescribed by law," and does not include the Disqualification Clause, a legal proscription from holding office.  Therefore,

---

[1]     Justice Bolick did not participate in the determination of this matter.

**IT IS ORDERED** affirming the superior court's judgment. The Candidates are not disqualified from appearing on the ballot for the 2022 primary election.

**IT IS FURTHER ORDERED** denying Gosar's request for attorneys' fees.

DATED this ____9th____ day of May, 2022.


_____/s/_____
ROBERT BRUTINEL
Chief Justice


TO:

James E Barton
Jacqueline Soto
Craig C Cameron
Scott Matthew Johnson
Allen Hatch Quist
James I Mitchell
John D Wilenchik
Timothy A LaSota
Alexander Michael del Ray Kolodin
Roger W Strassburg
Arno Naeckel
Veronica Lucero
Kory A Langhofer
Thomas J Basile
Amy B Chan
Joshua David Rothenberg Bendor
John S. Bullock
Celeste Robertson
Joseph Young
Christine Roberts
William P Ring
Jefferson R Dalton
Jean Anne Roof
Robert D Gilliland
Ryan Norton Dooley
Joseph Eugene La Rue
Joseph Branco
Karen J Hartman-Tellez
Ryan Henry Esplin
Jason S Moore

Daniel S Jurkowitz
Ellen Ridge Brown
Javier Adalberto Gherna
Kimberly J Hunley
Laura L Roubicek
Colleen Connor
Thomas M Stoxen
William J Kerekes
Hon. Christopher A Coury
Hon. Jeff Fine
Alberto Rodriguez
Alicia Moffatt